IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS R. PARMENTER, JR.                                                                    PLAINTIFF

vs.                                         Civil No. 2:20-cv-02235

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                               DEFENDANT

## MEMORANDUM OPINION

Curtis Parmenter, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB"), under Title II of the Act, 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No.  "   The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15.  These references are to the page number of the transcript itself not the ECF page number.

1

1.      **Background:**

Plaintiff protectively filed his disability application on September 22, 2017.  (Tr. 139).  In his application, Plaintiff alleges being disabled due to seizures, depression, back problems, high blood pressure, and chronic obstructive pulmonary disease ("COPD").  (Tr. 235-236, 251-252). Plaintiff alleges an onset date of August 21, 2017.  (Tr. 139, 235-236, 251-252).  His application was denied initially on February 8, 2018 and was denied again upon reconsideration on July 26, 2018.  (Tr. 271-273, 275-276).  Plaintiff subsequently requested an administrative hearing, and this hearing request was granted.  (Tr. 277-284).  Plaintiff's first administrative hearing was held in Fort Smith, Arkansas on August 27, 2019, and his second hearing was held *via* telephone on May 7, 2020.  (Tr. 171-232).  Plaintiff was present and represented by counsel, Fred Caddell, at both hearings.  *Id*.  Plaintiff and Vocational Expert(s) ("VE") Cheryl Lynn Swisher and Jim Spragins, testified at the hearings.  (Tr. 198-206, 223-232).

On May 22, 2020, after the administrative hearings, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 136-149).  The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2022.  (Tr. 142, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 21, 2017, his alleged onset date.  (Tr. 142, Finding 2).

The ALJ determined Plaintiff was forty-three (43) years old on his alleged disability onset date.  (Tr. 147, Finding 7).  The ALJ found Plaintiff had a limited education and was able to communicate in English.  (Tr. 147, Finding 8).

The ALJ determined Plaintiff had the following severe impairments: seizures, disorder of the spine, COPD, neuropathy, syncope and anxiety disorder.  (Tr. 142, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of

2

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 142, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective allegations and determined his Residual Functional Capacity ("RFC"). (Tr. 144, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except [t]he claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can stand/walk for two hours and sit for six hours of an eight-hour workday. The claimant can occasionally climb ramps and stairs, but never climb ropes, ladders or scaffolding. The claimant can occasionally knee, stoop, crouch and crawl. The claimant must avoid exposure to unprotected heights, driving and dangerous equipment. The claimant can understand, remember and carry out 1-2-3 step, simple routine tasks.

(Tr. 144, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 147, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 148, Finding 10). Considering his RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) order clerk, (sedentary unskilled) with 75,000 such jobs available in the national economy; (2) document preparer (sedentary unskilled) with 45,000 such jobs in the national economy; and (3) telephone solicitor (sedentary unskilled) with 200,000 such jobs in the national economy. (Tr. 148, Finding 10).

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as

3

defined by the Act, from August 21, 2017, or through May 22, 2020, the date of his decision. (Tr. 149, Finding 11).

Plaintiff requested the Appeals Councils review of the ALJ's unfavorable disability determination. On November 13, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 3-6). On December 14, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 14, 2020. ECF No. 5. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. § 423(d)(1)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. § 404.1520(a)(4)(v).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following four arguments for reversal: (1) whether substantial evidence supports the ALJ's RFC assessment; (2) whether the ALJ properly evaluated Plaintiff's subjective complaints; (3) whether the ALJ properly evaluated the medical opinion evidence; and (4) whether substantial evidence supports the ALJ's step five finding. ECF No. 17.

After thoroughly reviewing the record, the Court finds the ALJ's RFC determination is not supported by substantial evidence. Because this failure already necessitates reversal and remand, it is not necessary to address Plaintiff's remaining arguments.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The non-examining state agency consultants' opined Plaintiff could stand and/or walk for two hours (with normal breaks) and sit (with normal breaks) for six hours in an eight-hour workday. (Tr. 244, 262). In the ALJ's decision, he found the state agency consultants' opinions persuasive because they were supported by one normal physical examination in November 2018, apart from Plaintiff exhibiting right wrist tenderness. (Tr. 147, 1134-1138). Although the medical record evidence contains some normal examination findings, during the relevant disability period Plaintiff had numerous abnormal physical exams and consistently manifested lower extremity numbness and weakness, and complications from his seizure disorder. (Tr. 42-53, 627-693, 698-

710, 770-774, 914-917, 1080-1088, 1089-1094, 1423-1428, 1430-1436, 1528-1534, 1619-1623, 1624-1628, 1664-1668).

Plaintiff also experienced back pain, a reduced range of motion in his lumbar spine, pain with prolonged sitting, atrophy to both lower legs, and severe sensory neuropathy bilaterally in both lower extremities. (Tr. 178, 188, 195, 212, 215, 220, 627-693, 702-706, 770-773, 922-927). An ALJ is not required to explain all the evidence in the record, *see Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010); however, he cannot pick and choose only the evidence supporting his conclusion. *See Nelson v. Saul*, 413 F.Supp.3d 886, 916 (E.D. Mo. 2019).

At the outset of Plaintiff's first administrative hearing in August 2019, he appeared to have a seizure, causing a disruption of the hearing. (Tr. 176-177). In addition, Plaintiff was admitted to Mercy Hospital in December 2019, and exhibited seizure activity lasting for a few seconds. (Tr. 1526). Furthermore, in March 2020, Plaintiff had an episode characterized by behavioral arrest and gentle side to side body rocking which Sisira Yadala, M.D., opined was more likely nonepileptic in nature. (Tr. 1667). The Commissioner asserts Plaintiff did not testify his seizure episodes lasted any significant length of time nor did Plaintiff testify he had any post-seizure effects. ECF No. 18, p. 9. Contrary to the Commissioner's assertion, Plaintiff testified he is affected for three hours after having a seizure. (Tr. 197). Plaintiff also testified he is unable to get out and do anything three or four days out of the week due to feeling drained from his seizures. *Id*.

At the second administrative hearing, the ALJ examined the VE and asked the following question:

> Okay. All right. Let's add to Hypo. No. 2 now. Let's add to it, because of his impairments, primarily – primarily due to his seizures, whether psychogenic or epileptic in nature, that he was going to require breaks at the job – this is a little bit

7

> different – three to five times a week, due to – due to his impairments, of at least 15 minutes. Could he maintain employment?

(Tr. 228). In response, the VE stated the following:

> Okay. You know, in that instance – and I will say this – that – set him up for needing an accommodation over time. So I do not believe that an individual would be able to maintain and sustain competitive employment over time.

*Id*.

Not only does the record reveal the significant effects of Plaintiff's seizure disorder but the evidence calls into question Plaintiff's ability to sit for six hours per day and to stand/walk for two hours in an eight-hour workday. *See* SSR 83-10, 1983 WL 31251, *5 (1983). As the Eighth Circuit stated in *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc) (abrogated on other grounds by *Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000)), the test is whether a claimant has the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.

Accordingly, the Court finds substantial evidence does not support the ALJ's decision, and the case must be reversed and remanded to allow the ALJ to further develop the record and further consider Plaintiff's maximum RFC. On remand the ALJ should request RFC assessments from Plaintiff's treatment providers, Dr. Steve-Felix Belinga, Dr. Fernando Calero Baquerizo, Dr. James E. Kelly, and APRN Jacqueline Phillips, asking their assessments of Plaintiff's functional limitations during the relevant period. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**4.	Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgement incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of August 2022.**

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE
